**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

JIMMY BUMGARDNER                                                                                   PETITIONER
ADC # 103669

V.                                    5:14CV00455-BSM-JJV

WENDY KELLY, Director,
Arkansas Department of Correction[1]                                                         RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District

---

[1]The Petition named Ray Hobbs as Respondent. Mr. Hobbs retired on October 31, 2014, and was replaced by Larry Norris as Interim Director. Wendy Kelley was appointed Director on January 13, 2015. Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Kelley is automatically substituted as Respondent in place of Mr. Hobbs.

1

Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Before the Court is Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus and Brief in Support (Doc. Nos. 11-12).  Respondent argues that the statute of limitations for filing expired and the Petition should be dismissed as time-barred, pursuant to 28 U.S.C. § 2244(d)(1).

## I. BACKGROUND

On January 31, 2005, Petitioner was found guilty on three drug-related counts in the Circuit Court of Grant County, Arkansas. (Doc. No. 2 at 1.) He was sentenced to sixty years in prison for possession of methamphetamine with intent to deliver; twenty years for

2

possession of drug paraphernalia; and twelve years for over-possession of ephedrine or pseudoephedrine. (*Id.*) The Judgment and Commitment Order provided that Petitioner would serve each sentence consecutively. (*Id.* at 41, 43.) The Arkansas Court of Appeals upheld the convictions and sentences. *See Bumgardner v. State*, No. CACR05-00963, at *4-5 (Ark. Ct. App. June 14, 2006). The Court of Appeals recited the facts as follows:

> Deputy Roberts of Grant County described the progression of events that led to [Bumgardner]'s arrest. He explained that on February 21, 2004, at approximately 9:41 p.m., he noticed a truck parked on the side of the road and stopped to check on the welfare of the occupant. When he walked up to the truck, he observed [Bumgardner] inside it, talking on a cell phone. During his initial contact with [Bumgardner], Roberts concluded that [Bumgardner] was "under the influence of something." Roberts reached this conclusion based upon [Bumgardner]'s "nervous and fidgety" behavior and the appearance of [Bumgardner]'s "very dilated" eyes. Roberts eventually asked [Bumgardner] if he would exit the vehicle and empty his pockets on the hood of [Bumgardner]'s truck. [Bumgardner] agreed and, when he started removing the contents of his pockets, a white straw-type object that contained a powdery residue attracted Roberts's attention. Roberts then directed [Bumgardner] to place his hands on the vehicle. [Bumgardner] responded by fleeing, but he was apprehended after a short foot chase and struggle. Roberts placed [Bumgardner] under arrest, and with a cursory search of [Bumgardner] incident to his arrest, Roberts found a baggie of white powder he believed to be an illegal substance. A search of [Bumgardner]'s truck revealed a set of scales and two large bags containing a white powdery substance. After Roberts transported [Bumgardner] to the county detention center, he conducted a routine search of the backseat of his patrol unit where he found another bag containing a white powdery substance stuffed under the seat.
>
> Testimony addressing the contents and weights of the bags was presented by Brent Cole, an agent with Group 6 Narcotics, and Nick Dawson, a drug chemist at the Arkansas State Crime Laboratory. Cole explained that he field tested the small baggies and each had a positive reaction for methamphetamine. One larger bag field tested positive for ephedrine and the other larger bag tested negative for methamphetamine and ephedrine. Other evidence Cole described receiving from Roberts included digital scales and two strips of aluminum foil containing burn residue. Dawson detailed the chemical analysis performed on each individual package. He testified that item E-1 contained .8005 grams of 95.2 percent methamphetamine while E-2

3

>contained .6272 grams of 92.7 percent methamphetamine. He further testified that E-3 contained 10.7496 grams of 96.6 percent pure pseudoephedrine hydrochloride, and E-4 contained 116.9 grams of dimentyl sufone, a cutting agent for methamphetamine. Dawson also stated his belief that the contents of the two smaller packages came from two different batches because they were different in color.

*Id.*

Petitioner filed for post-conviction relief. On November 21, 2006, he filed a petition under Rule 37, alleging ineffective assistance of counsel. (Doc. No. 12-3.) This petition was denied by the circuit court, and the denial was affirmed by the Arkansas Supreme Court on September 18, 2008. *Bumgardner v. State*, CR 07366, 2008 WL 4277458 (Ark. Sept. 18, 2008). Petitioner then filed a petition for writ of habeas corpus in Lincoln County, Arkansas, on July 23, 2009 (Doc. No. 12 at 5).[2] The circuit court denied that petition, and it was affirmed by the Arkansas Supreme Court on September 8, 2011. *Bumgardner v. Norris*, 2011 Ark. 334.

Having exhausted all possible remedies in state court, Petitioner submitted the instant Petition for Writ of Habeas Corpus alleging five grounds for relief. (Doc. No. 2 at 5-25.) Respondent counters that the period of limitations for filing the instant Petition has lapsed and, therefore, Petitioner is time-barred pursuant to 28 U.S.C. § 2244(d)(1). (Doc. No. 12 at 5.) The Court has carefully reviewed the Petition, Response and supporting documentation, and finds that Mr. Bumgardner's Petition is time-barred and should be

---

[2]Mr. Bumgardner did file another petition for writ of habeas corpus in Jefferson County Circuit Court on December 27, 2011, (Doc. No. 12-4.) But as noted by Respondent, there was no tolling for that petition because it was filed after the federal period of limitations had passed. (*Id.* at 5 n. 1.)

4

dismissed.

## II. ANALYSIS

The one-year limitation period shall apply to an application for a writ of habeas corpus. The limitation period shall run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The United States Court of Appeals for the Eighth Circuit has held that the statute of limitations begins to run at the conclusion of all direct criminal appeals in the state system. *Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir. 2002). However, a properly filed application for state post-conviction or other collateral review tolls the period of limitation until review is completed. U.S.C. § 2244(d)(2). Once the direct review is completed, the period between such completion and the date of another petition for post-conviction relief does count against the one-year period. *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). If a petitioner files a new application after the federal period of limitations has run, that application does not retroactively toll the one-year period, and petitioner has forfeited his or her chance to petition for writ of habeas corpus in federal court. *Id*.

Mr. Bumgardner filed his Rule 37 petition on November 21, 2006, which tolled his federal statute of limitations period until September 18, 2008. (Doc. No. 12-3.) After 309 days had run (leaving only 56 days), Mr. Bumgardner filed for state habeas relief on July 23, 2009. This tolled his time until September 8, 2011. Then the remaining 56 days ran and Mr. Bumgardner's one-year limit to file a federal petition expired on November 3, 2011. Accordingly, Mr. Bumgardner's December 26, 2014, Petition is more than three years late.

The Court has considered Petitioner's argument that U.S.C. § 2244(b) provides an exception to the one-year period.  This argument fails because that section only addresses when a court may hear a new claim that was not originally proffered in a prior habeas petition. The section assumes that a successive habeas application, whether offering a new claim or not, is being filed within the applicable period of limitations. The only exception to the one-year period is stated in 28 U.S.C. § 2244(d)(2).  Had Petitioner filed a federal habeas application by November 3, 2011, the period of limitations would have tolled until review was completed.  In this case, though, the Petitioner did not timely file the petition for habeas relief.   Thus, the Court is restrained by 28 U.S.C. § 2244(d)(1) and cannot entertain Petitioner's Petition for Writ of Habeas Corpus.

### III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is clearly time barred. Therefore, no certificate of appealability should be issued.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. 2) be DISMISSED, and the requested relief be DENIED.

2. A Certificate of Appealability be denied.

DATED this 6th day of April, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE